HUGH H. MARA ET AL. v. MAYOR AND BOARD OF COUN-
CILMEN OF THE CITY OF BAYONNE.

Submitted December 5, 1908—Decided February 23, 1909.

The act of April 10th, 1908 (*Pamph. L.*, p. 266), is constitutional.  •

On application for a peremptory writ of *mandamus.*

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the relators, *Daniel J. Murray* and *Thomas F. Noonan.*

For the defendants, *Elmer W. Demarest.*

The opinion of the court was delivered by

SWAYZE, J.   In this case an alternative writ of *mandamus* issued to compel the defendants to order a special election to determine upon the retention or rejection of voting machines, pursuant to the act of April 10th, 1908.   *Pamph. L., p.* 266. The defendants, by their return, seek to justify their refusal to order the special election upon the ground that the statute

is illegal, void and in violation of the constitution, for two reasons—*first,* because the title of the act does not express its purpose and object; *second,* because the act is of a private, special and local character, and purports to apply only to election precincts or districts within a municipality.

The first reason rests upon the fact that the act of 1908 is entitled "A supplement to an act entitled 'An act to provide for the purchase of voting machines and to regulate the use of the same at elections,'" approved April 28th, 1905. The point insisted upon is that the act is not a supplement, but either an amendment or a repealer of the act of 1905. We see no force in this argument. By the act of 1905 the secretary of state was empowered to determine in what election districts voting machines should be used. The effect of the act of 1908 is to give the voters of any election district the right to review his action. It is a supplement or addition to the scheme of the original act, and the title as a whole evinces an intent to legislate upon the use of voting machines.

The objection that the act is a private, local or special act is equally futile. The constitutional prohibition appealed to seems to be the one directed against private, local or special acts affecting the internal affairs of municipalities. The method of conducting elections is a matter of general state concern, and it has always been a matter of state regulation. We see no reason to hold, nor are we pointed to any authority which requires us to decide, that an act regulating the machinery of elections has to do with the internal affairs of a municipality. Moreover, the act is neither private, local nor special. It provides a general scheme by which any district in which the secretary of state has placed a voting machine may determine for itself whether it will retain the same or not. It applies to every district in the state which is similarly situated, that is, to every district in which a voting machine has been placed. So far from tending to produce diversity its tendency would be to produce uniformity by bringing the method of voting in districts where a voting machine had been placed into harmony with the method of voting in other districts.

The return fails to present any reason why a *mandamus* should not issue. Let a peremptory writ be issued in this case and in the sixteen other cases that are in the same situation.